IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:00-14-03 |
| | ) | JUDGE KIM R. GIBSON |
| ERIC L. MYRIECKES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendant's Motion for Reduction of Sentence (Doc. No. 174), which the Government opposes (Doc. No. 176). For the reasons that follow, the Court will **DENY** Defendant's motion.

### II. BACKGROUND[1]

On August 15, 2000, Defendant was charged with: (1) conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846; and (2) possession with the intent to distribute five or more grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). (Doc. No. 1). Pursuant to a plea agreement, Defendant pleaded guilty on December 4, 2000 to the conspiracy charge and accepted responsibility for the other charged conduct. Defendant was subsequently sentenced on August 28, 2001—by then District Judge D. Brooks Smith—to a term of imprisonment of 188 months and a five-year term of supervised release. (Doc. No. 84).

As this Court detailed in a previous opinion (Doc. No. 162), Judge Smith imposed the 188-month sentence after classifying Defendant as a career offender under U.S.S.G. § 4B1.1, which established a mandatory sentencing range of 188 to 235 months. While an initial guideline

---

[1] The Court will not attempt to detail the entire twelve-year history of this case. Instead, this section is limited to the background relevant to the disposition of the instant motion.

1

range of 130 to 162 months was calculated at sentencing based on the quantity of crack involved, Judge Smith ultimately sentenced Defendant based on the career offender range and *not* the initial guideline range established by drug quantity. (*Id.* at 3).

Over the past decade, Defendant has filed numerous motions, petitions, and appeals challenging his sentence to no avail. Most recently, Defendant filed the instant motion (Doc. No. 174) for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce a term of imprisonment in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). The motion has been fully briefed and is now ripe for disposition.

## III. DISCUSSION

In his motion, Defendant contends that he is entitled to a sentence reduction pursuant to § 3582(c)(2) because of Amendments 706 and 750 to the Sentencing Guidelines, the Fair Sentencing Act of 2010 ("FSA"), and the allegedly ineffective counsel he received. The Court will address these issues in turn.

### A. Amendment 706

Defendant requests that the Court reduce his sentence in light of Amendment 706, the November 1, 2007 amendment that reduced by two the base offense levels for crack offenses under § 2D1.1(c) of the Sentencing Guidelines. Defendant previously filed a motion (Doc. No. 145) requesting a sentence reduction on these grounds, which this Court denied on January 15, 2009 (Doc. No. 162). Specifically, the Court found that a reduction of sentence was "not appropriate because [Defendant's] sentence was based upon the Career Offender guidelines, which have not been amended." (*Id.* at 1). Defendant filed a notice of appeal to the United States

2

Court of Appeals for the Third Circuit, who summarily affirmed this Court's decision on August 26, 2009 (Doc. No. 166).

Defendant has presented no legal authority or facts which would lead this Court to reconsider its prior decision, nor can he in light of the Third Circuit's holding that a career offender is not entitled to a § 3582(c)(2) sentence reduction premised on Amendment 706. *Mateo*, 560 F.3d at 155 ("Because Amendment 706 does not lower [the defendant's] sentencing range due to his status as a career offender, he may not seek reduction in sentence under § 3582(c)(2). We join many of our sister circuits in so holding.") (citations omitted). Accordingly, the Court will once again deny Defendant's request for a sentence reduction premised on Amendment 706.

### B. FSA and Amendment 750

The FSA, which took effect in August 2010, modified the statutory penalties for crack offenses by reducing the crack-to-powder cocaine sentencing ratio from 100:1 to approximately 18:1. See *United States v. Dixon*, 648 F.3d 195, 196-97 (3d Cir. 2011). Amendment 750, which amended the Sentencing Guidelines in accordance with the FSA, became both effective and retroactive on November 1, 2011. See U.S.S.G. app. C., amends. 750, 759 (Supp. Nov. 1, 2011). Neither the FSA nor Amendment 750 justify reducing Defendant's sentence.

With regards to the FSA, the Third Circuit has held that it does not apply retroactively to those defendants who committed their crimes and were sentenced before the FSA was signed into law. *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010). In the case *sub judice*, Defendant falls squarely into this category as he was sentenced nearly nine years before the enactment of the FSA. With regards to Amendment 750, this Court finds that it provides Defendant no relief for the exact same reason that Amendment 706 provided no relief: Defendant

3

was sentenced under the career offender guidelines, which have not been amended. The Third Circuit's reasoning in *Mateo* that Amendment 706 has no effect on career offenders is equally applicable to Amendment 750. Consequently, the Court will deny Defendant's request for a sentence reduction premised on the FSA and Amendment 750.

### C. Ineffective Assistance of Counsel

Defendant also challenges his sentence claiming that his counsel was constitutionally deficient for failing to raise the argument that the terms of his plea agreement precluded his classification as a career offender. (See Doc. No. 174 at 9). Such ineffective assistance of counsel claims must be raised by 28 U.S.C. § 2255 petition. See *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). As this Court detailed in a previous opinion (Doc. No. 141), because Defendant previously filed a § 2255 petition, successive petitions must be dismissed unless Defendant first obtains approval from the Third Circuit. No such approval has been sought or granted; therefore, Defendant's ineffective assistance of counsel claim will be denied.[2]

## IV. CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's Motion for Reduction of Sentence (Doc. No. 174).

---

[2] This Court would deny Defendant's ineffective assistance of counsel claim even if it was not procedurally barred. Nothing in the language of the plea agreement quoted by Defendant, (see Doc. No. 174 at 9), can be construed to preclude career offender classification.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:00-14-03 |
| | ) | JUDGE KIM R. GIBSON |
| ERIC L. MYRIECKES, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

**AND NOW**, this 8th day of May 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence (Doc. No. 174) is **DENIED**.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**